ROBINSON, WETTRE & MILLER LLC
Leda Dunn Wettre
Keith J. Miller
Michael J. Gesualdo
One Newark Center, 19th Floor
Newark, New Jersey 07102
(973) 690-5400
lwettre@rwmlegal.com
kmiller@rwmlegal.com
mgesualdo@rwmlegal.com

OF COUNSEL:
HOGAN LOVELLS US LLP
Eric J. Lobenfeld
Arlene L. Chow
875 Third Avenue
New York, New York 10022
(212) 918-3000

*Attorneys for Plaintiff Depomed, Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DEPOMED, INC., | Civil Action No.: |
| Plaintiff, | |
| v. | **COMPLAINT FOR PATENT INFRINGEMENT** |
| ENDO PHARMACEUTICALS INC., | |
| Defendant. | |

Plaintiff Depomed, Inc. ("Depomed" or "Plaintiff") files this Complaint against

Defendant Endo Pharmaceuticals Inc. ("Endo" or "Defendant") alleging as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States of America, Title 35 of the United States Code, for infringement of United States Patent Nos. 6,340,475; 6,635,280; and 6,723,340.

## THE PARTIES

2. Plaintiff Depomed is a corporation organized under the laws of California, having its principal place of business at 7999 Gateway Boulevard, Suite 300, Newark, California 94560.

3. Upon information and belief, Defendant Endo is a Delaware corporation, having its principal place of business at 1400 Atwater Drive, Malvern, Pennsylvania 19355 and a place of business at 7 Clarke Drive, Cranbury, New Jersey 08512.  On information and belief, Endo is the owner of New Drug Application(s) for OPANA® ER (oxymorphone hydrochloride extended-release), an extended release oxymorphone pain-relief medication sold under the brand name OPANA® ER.  On information and belief, Endo is involved in developing, labeling, advertising, promoting, marketing, selling and/or distributing OPANA® ER throughout the United States of America, including in the State of New Jersey.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States of America, 35 U.S.C. §§ 1, *et. seq.*, and this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).  Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b).

5. Endo is subject to personal jurisdiction in this District because, *inter alia*, it has committed, aided, abetted, induced, contributed to and/or participated in the commission of the

tortious action of patent infringement that has led to foreseeable harm and injury to Plaintiff. Defendant develops numerous drugs for sale and use throughout the United States of America, including New Jersey. Endo has availed itself to the benefits and protections of New Jersey's laws such that it should reasonably anticipate being hauled into court here.

6. Upon information and belief, Defendant has had persistent, systematic and continuous contacts with the State of New Jersey as set forth below, and for other reasons that will be presented to the Court if jurisdiction is challenged.

7. Endo has consented to personal jurisdiction in this district on several occasions and availed itself of the legal protections of the State of New Jersey, having initiated lawsuits in the District of New Jersey. *See, e.g.*, *Endo Pharms. Inc. v. Impax Labs. Inc.*, Case No. 2:09-cv-00831-KSH-PS (D.N.J.).

8. Upon information and belief, Defendant, directly or through an agent, regularly does or solicits business in the State of New Jersey, engages in persistent courses of conduct in New Jersey, and/or derives substantial revenue from the development, manufacture and/or sale of pharmaceutical products that are sold in New Jersey.

9. Upon information and belief, Endo develops, markets, sells, distributes and seeks regulatory approval of pharmaceutical products throughout the United States of America, including the State of New Jersey.

10. Upon information and belief, Defendant maintains a facility in Cranbury, New Jersey for the distribution and manufacturing of its pharmaceutical products.

## THE PATENTS-IN-SUIT

11. On January 22, 2002, United States Patent No. 6,340,475 (the " '475 Patent") entitled "Extending the Duration of Drug Release Within the Stomach During the Fed Mode" was duly issued by the United States Patent and Trademark Office to Depomed as assignee of the inventors. A true and correct copy of the '475 Patent is attached as Exhibit 1.

12. On October 21, 2003, United States Patent No. 6,635,280 (the " '280 Patent") entitled "Extending the Duration of Drug Release Within the Stomach During the Fed Mode" was duly issued by the United States Patent and Trademark Office to Depomed as assignee of the inventors. A true and correct copy of the '280 Patent is attached as Exhibit 2.

13. On April 20, 2004, United States Patent No. 6,723,340 (the " '340 Patent") entitled "Optimal Polymer Mixtures for Gastric Retentive Tablets" was duly issued by the United States Patent and Trademark Office to Depomed as assignee of the inventors. A true and correct copy of the '340 Patent is attached as Exhibit 3.

14. Depomed is the owner and assignee of all right, title and interest in and to the '475 Patent, '280 Patent and '340 Patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

## FIRST CAUSE OF ACTION
### (Infringement of the '475 Patent)

15. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 14 hereof, as if fully set forth herein.

16. Upon information and belief, Defendant's commercial manufacture, use, offer to sell, and/or sale of OPANA® ER within the United States of America, or importation of

OPANA® ER into the United States of America during the term of the '475 Patent has infringed and infringes one or more claims of the '475 Patent under 35 U.S.C. §§ 271 (a), (b) and/or (c).

17. Depomed has been injured by Defendant's infringing activities, and is entitled to recover money damages from Defendant adequate to compensate Depomed for Defendant's infringement, but in no event less than a reasonable royalty together with interest and costs as fixed by the Court.

18. Depomed will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

19. Unless a permanent injunction is issued enjoining Defendant and its respective agents, servants, employees, representatives, affiliates, and all others acting in active concert therewith from infringing the '475 Patent, Depomed will be substantially and irreparably harmed.

20. This case is exceptional, and Depomed is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

## SECOND CAUSE OF ACTION
### (Infringement of the '280 Patent)

21. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 20 hereof, as if fully set forth herein.

22. Upon information and belief, Defendant's commercial manufacture, use, offer to sell, and/or sale of OPANA® ER within the United States of America, or importation of OPANA® ER into the United States of America during the term of the '280 Patent has infringed and infringes one or more claims of the '280 Patent under 35 U.S.C. §§ 271 (a), (b) and/or (c).

...

23. Depomed has been injured by Defendant's infringing activities, and is entitled to recover money damages from Defendant adequate to compensate Depomed for Defendant's infringement, but in no event less than a reasonable royalty together with interest and costs as fixed by the Court.

24. Depomed will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

25. Unless a permanent injunction is issued enjoining Defendant and its respective agents, servants, employees, representatives, affiliates, and all others acting in active concert therewith from infringing the '280 Patent, Depomed will be substantially and irreparably harmed.

26. This case is exceptional, and Depomed is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

### THIRD CAUSE OF ACTION
### (Infringement of the '340 Patent)

27. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 26 hereof, as if fully set forth herein.

28. Upon information and belief, Defendant's commercial manufacture, use, offer to sell, and/or sale of OPANA® ER within the United States of America, or importation of OPANA® ER into the United States of America during the term of the '340 Patent has infringed and infringes one or more claims of the '340 Patent under 35 U.S.C. §§ 271 (a), (b) and/or (c).

29. Depomed has been injured by Defendant's infringing activities, and is entitled to recover money damages from Defendant adequate to compensate Depomed for Defendant's infringement, but in no event less than a reasonable royalty together with interest and costs as fixed by the Court.

30. Depomed will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

31. Unless a permanent injunction is issued enjoining Defendant and its respective agents, servants, employees, representatives, affiliates, and all others acting in active concert therewith from infringing the '340 Patent, Depomed will be substantially and irreparably harmed.

32. This case is exceptional, and Depomed is entitled to an award of attorneys' fees under 35 U.S.C. § 285.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Endo and respectfully requests the following relief:

a. A judgment that the '475, '280, and '340 Patents have been infringed by Endo;

b. A permanent injunction enjoining Endo, its officers, agents, servants, employees, and those persons acting in active concert or participation with all or any of them from manufacturing, using, offering to sell, or selling OPANA® ER within the United States of America, or importing OPANA® ER into the United States of America, prior to the expiration of the '475, '280 and/or '340 Patents, including any extension, pursuant to 35 U.S.C. § 283;

c. A judgment and order requiring Endo to pay Depomed its damages, costs, expenses, and pre- and post-judgment interest for its infringement of the '475, '280 and/or '340 Patents, and a judgment that the damages so adjudged be trebled, pursuant to 35 U.S.C. § 284;

d. A judgment and order finding that this is an exceptional case and that Depomed be awarded its attorneys' fees incurred in this action pursuant to 35 U.S.C. § 285;

e. An accounting of all infringing sales and revenues;

7

  f.  Costs and expenses in this action; and

  g.  Such other and further relief as the Court deems just and appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues and claims so triable.

            Respectfully submitted,

            By: *s/ Leda Dunn Wettre*
              Leda Dunn Wettre
            Keith J. Miller
            Michael J. Gesualdo
            **ROBINSON, WETTRE & MILLER LLC**
            One Newark Center, 19th Floor
            Newark, New Jersey 07102
            (973) 690-5400
            lwettre@rwmlegal.com
            kmiller@rwmlegal.com
            mgesualdo@rwmlegal.com

            Eric J. Lobenfeld
            Arlene L. Chow
            **HOGAN LOVELLS US LLP**
            875 Third Avenue
            New York, New York 10022
            (212) 918-3000

            *Attorneys for Plaintiff Depomed, Inc.*

Dated: April 17, 2013

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

Plaintiff, by its undersigned counsel, hereby certifies that the patents at issue in this Action are at issue in the following pending actions:

- In this District involving proposed generic versions of the unrelated product, Gralise®, U.S. Patent Nos. 6,340,475 and 6,635,280 are at issue in *Depomed, Inc. et al. v. Actavis Elizabeth LLC et al.*, Case No. 3:12-cv-01358-JAP-TJB (D.N.J.);

- In this District involving proposed generic versions of the unrelated product, Gralise®, U.S. Patent Nos. 6,340,475 and 6,635,280 are at issue in *Depomed, Inc. et al. v. Zydus Pharms. (USA), Inc. et al.*, Case No. 3:12-cv-02813-JAP-TJB (D.N.J.);

- In this District involving the unrelated product, OxyContin®, U.S. Patent Nos. 6,340,475; 6,635,280 and 6,723,340 are at issue in *Depomed, Inc. v. Purdue Pharma L.P. et al*, Case No. 3:13-cv-00571-JAP-TJB (D.N.J.); and

- In U.S. District Court for the District of Delaware involving proposed generic versions of the unrelated product, Glumetza®, U.S. Patent Nos. 6,340,475; 6,635,280 and 6,723,340 are at issue in *Depomed, Inc. v. Watson Labs., Inc. – Florida et al*, Case No. 1:13-cv-00342-SLR (D.Del.).

Respectfully submitted,

By: *s/ Leda Dunn Wettre*
       Leda Dunn Wettre
Keith J. Miller
Michael J. Gesualdo
**ROBINSON, WETTRE & MILLER LLC**
One Newark Center, 19th Floor
Newark, New Jersey 07102
(973) 690-5400
lwettre@rwmlegal.com
kmiller@rwmlegal.com
mgesualdo@rwmlegal.com

Eric J. Lobenfeld
Arlene L. Chow
**HOGAN LOVELLS US LLP**
875 Third Avenue
New York, New York 10022
(212) 918-3000

*Attorneys for Plaintiff Depomed, Inc.*

Dated: April 17, 2013